FILED
NOV 30 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 06-22310-CIV-UNGARO-BENAGES

ALFONSO RAMIREZ VALDIVIESO,
    Plaintiff,

vs.

UNITED STATES OF AMERICA, by an through the United States Department of Treasury, Office of Foreign Assets Control,
    Defendant.
_____/

CASE NUMBER 1:06CV02047
JUDGE: Royce C. Lamberth
DECK TYPE: Civil Rights (non-employm
DATE STAMP: 11/30/2006

## ORDER OF TRANSFER

THIS CAUSE came before the Court upon the parties' Joint Motion to Transfer Venue, filed November 21, 2006. (D.E. 9.)

THE COURT has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

The parties request pursuant to 28 U.S.C. § 1404(a) that the case be transferred to the United States District Court for the District of Columbia in the interests of justice and for the convenience of the parties.

GOOD CAUSE appearing that a transfer of this case is appropriate in that the allegedly unlawful acts or omissions are the official actions of the Office of Foreign Assets Control (OFAC), which is headquartered in the District of Columbia, and neither OFAC nor Plaintiff resides in the Southern District of Florida, such that venue is proper in the District of Columbia pursuant to 28 U.S.C. §1391(e) or 28 U.S.C. § 1402(b), it is hereby

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 11-22-06

ORDERED AND ADJUDGED that the Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious transfer of the above-styled action to the United States District Court for the District of Columbia for all further proceedings.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of November, 2006.

*Ursula Ungaro*
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of Record

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 06cv22310

Alfonso Ramirez Valdivieso,

    Plaintiff(s),

v.

United States of America,

    Defendant(s),

FILED by _____ D.C.

Nov 22, 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

## CLERK'S NOTICE OF TRANSFER TO OTHER DISTRICT

Pursuant to the Order of Transfer entered on **11/21/2006**, the above-styled case is hereby transferred to the **District of Columbia**. Enclosed are certified copies of the Order of Transfer and the Court's docket sheet. The case record is [ ] **a combined paper and electronic file or [ X ] an electronic file** and the imaged documents can be obtained at **PACER.USCOURTS.GOV** by using your Pacer **(not CM/ECF)** login and password. If you do not have a pacer login, please contact the Pacer Center at 1-800-676-6856.

DONE at the Federal Courthouse, Fort Lauderdale, Florida, this 22 day of November 2006.

CLARENCE MADDOX,
Court Administrator • Clerk of Court

By: _____
Lisa I. Streets
Deputy Clerk

---

**Please acknowledge receipt of this transfer by returning a time-stamped copy of this Notice to:**

United States District Court
Southern District of Florida
299 East Broward Blvd. Room #108
Fort Lauderdale, FL 33301

**Received By:** _____

**New Case No.** _____

CLOSED

# U.S. District Court
## Southern District of Florida (Miami)
### CIVIL DOCKET FOR CASE #: 1:06-cv-22310-UUB
### Internal Use Only

Ramirez Valdivieso v. United States
Assigned to: Judge Ursula Ungaro-Benages
Demand: $0
Cause: 28:2671 Federal Tort Claims Act

Date Filed: 09/14/2006
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Alfonso Ramirez Valdivieso**　　　　represented by　**Richard John Diaz**
3127 Ponce De Leon Boulevard
Coral Gables, FL 33134-6816
305-444-7181
Fax: 444-8178
Email: Rick@rjdpa.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States**
*The United States Of America, by and through The United States Department Of Treasury Office Of Foreign Assets And Control*

represented by　**Amy Elizabeth Powell**
United States Department of Justice
PO Box 883
Ben Franklin Station
Washington, DC 20044
202-514-9836
Fax: 616-8202
Email: amy.powell@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/14/2006 | 1 | COMPLAINT filed; FILING FEE $350.00 RECEIPT #946792; Magistrate Judge John J. O'Sullivan (mh, Deputy Clerk) (Entered: 09/18/2006) |
| 09/14/2006 | 2 | SUMMONS(ES) issued for United States Department Of Treasury Office Of Foreign Assets And Control (mh, Deputy Clerk) (Entered: 09/18/2006) |

| 09/14/2006 | 3 | SUMMONS(ES) issued for United States Department Of Treasure Office Of Foreign Assets And Control by serving Alberto Gonzalez (mh, Deputy Clerk) (Entered: 09/18/2006) |
| --- | --- | --- |
| 09/14/2006 | 4 | SUMMONS(ES) issued for United States Department Of Treasury Office Of Foreign Assets And Control by serving Office of Foreign Assets And Controll U.S. Department of Treasury (mh, Deputy Clerk) (Entered: 09/18/2006) |
| 09/22/2006 | 5 | ORDER setting initial planning and scheduling conference for 10:00 on 12/8/06 before Judge Ursula Ungaro-Benages ( Signed by Judge Cecilia M. Altonaga on 9/21/06) [EOD Date: 9/25/06] (lk, Deputy Clerk) (Entered: 09/25/2006) |
| 11/01/2006 | 6 | NOTICE of Attorney Appearance by Amy Elizabeth Powell on behalf of United States (Powell, Amy) (Entered: 11/01/2006) |
| 11/07/2006 | 7 | SUMMONS Returned Executed by Alfonso Ramirez Valdivieso.Serving United States of America,By and through the United State Department of Treasury office of foreign assests and control served on 10/31/2006, answer due 11/20/2006. (tmpJ) (Entered: 11/08/2006) |
| 11/07/2006 | 8 | SUMMONS Returned Executed by Alfonso Ramirez Valdivieso. United States served on 10/26/2006, answer due 11/15/2006. (pa) (Entered: 11/08/2006) |
| 11/21/2006 | 9 | Joint MOTION to Change Venue *to the District of Columbia* by United States. Responses due by 12/6/2006 (Powell, Amy) (Entered: 11/21/2006) |
| 11/21/2006 | 10 | Administrative Order Closing Case.Signed by Judge Ursula Ungaro-Benages on 11/21/2006. (ls) (Entered: 11/21/2006) |
| 11/21/2006 |  | ***Reopen Document 9 Joint MOTION to Change Venue *to the District of Columbia* (ls) (Entered: 11/21/2006) |
| 11/21/2006 | 11 | ORDER granting 9 Motion to Transfer Venue; Directing Clerk to transfer action to the USDC, District of Columbia for all further proceedings.Signed by Judge Ursula Ungaro-Benages on 11/21/2006. (ls) (Entered: 11/21/2006) |
| 11/22/2006 | 12 | Transmittal Letter Sent With Certified Copies of Order of Transfer and Docket Sheet, To: USDC, District of Columbia (ls) (Entered: 11/22/2006) |

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By _Lisa J. Strieto_
Deputy Clerk
Date  11-22-06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION CIV-UNGARO-BENAGES

CASE NO.                                   MAGISTRATE JUDGE
                                            O'SULLIVAN

ALFONSO RAMIREZ VALDIVIESO

      Plaintiff,
vs.

THE UNITED STATES OF AMERICA, by
and through THE UNITED STATES
DEPARTMENT OF TREASURY OFFICE
OF FOREIGN ASSETS AND CONTROL

      Defendant.
_____/

## COMPLAINT

For his Complaint, the Plaintiff, ALFONSO RAMIREZ VALDIVIESO, ("Mr. Valdivieso") states:

### PARTIES

1. Mr. Valdivieso, is a foreign national of Colombia, South America.

2. The Defendant, The United States Department of Treasury Office of Foreign Assets and Control ("OFAC") is an agency duly created under the United States Department of Treasury for the government of the United States of America.

### JURISDICTION

3. Jurisdiction over this matter is pursuant to the Federal Tort Claims Act, Title 28 U.S.C. §2671 and §2675(a).

4. Venue is proper in the Southern District of Florida because it is where the Plaintiff maintains his stay while in the United States and it is where Plaintiff's counsel operates his law offices.



## **OFAC**

5. Executive order 12978 of October 21, 1995, signed by the then president, Bill Clinton, allowed the United States Department of Treasury to "designate" certain individuals as being "drug traffickers."[1]

6. OFAC is the agency within the U.S. Department of Treasury which, in a unilateral and arbitrary manner, selects such individuals and puts their names on this list (commonly called the OFAC or "Clinton" list).

7. A significant indicted, convicted and sentenced drug trafficker may never appear on the OFAC list, yet an individual with no prior criminal history whatsoever, who has never been indicted, prosecuted, convicted or sentenced for any crime in the world, much less for a drug trafficking or terrorism crime (presumably innocent unless and until proven guilty beyond a reasonable doubt) may find his/her name on this OFAC list.

8. The effect of having one's name on the OFAC list is that such person cannot conduct any financial transactions within the United States or with any person (or corporation) within the United States. In other words, the OFAC person is financially "blocked" in a significant way, tantamount to a "civil death". Moreover, an individual listed on the OFAC list is equally "blocked" in his/her own country of origin because OFAC notifies foreign governments of individuals/corporations on the list. This causes banks located in the country of any blocked individual/corporation to close any bank accounts and cancel any credit cards belonging to the blocked individual/corporation.

9. OFAC does not have an independent, let alone in-house, review process for individuals placed on the list.

---

[1] There is no rationally established method, formula or criteria for such designation.

2

## FACTS

10. On or about October 2004, one of the Colombian banks where the Plaintiff held an account was immediately closed.

11. Upon inquiry and investigation by the Plaintiff as to why his bank so abruptly cancelled his account, in late 2004, the Plaintiff found that it was because he was listed on the OFAC list under the title of "SDNT" meaning, specially designated narcotics trafficker, No. 288.

12. On October 20, 2004, the Plaintiff immediately sent a letter to the United States Ambassador in Colombia, Mr. William Wood, petitioning that his name be removed from the OFAC list because Plaintiff had never participated in or was never involved in any drug trafficking activity, money laundering activity or acts of terrorism. Indeed, on November 22, 2004 Plaintiff resigned from his then employer Intercontinental[2] due to the investigation generated by OFAC against Intercontinental.

13. On or about December 16, 2004, following the instructions of Mr. Wood, the Plaintiff corresponded with OFAC directly, more particularly with Mr. Richard Newcomb, Director of OFAC, (without the representation of counsel) in an effort to remove his name from the OFAC list, and included a substantial amount of documentation supporting his request.

14. Not having received any response from OFAC, the Plaintiff contacted undersigned counsel to assist him in his petition for name removal.

15. Accordingly, on February 17, 2005, aware that OFAC was already in possession of the petition and supporting documentation sent by the Plaintiff, undersigned counsel sent a letter to OFAC offering to meet with OFAC officials to discuss the Plaintiff's desire to be removed from the OFAC list.

---

[2] An aviation company.

3

16. On March 11, 2005, OFAC responded by requiring undersigned counsel to first obtain an "OFAC license" even to have the capability of undertaking the representation of the Plaintiff since the Plaintiff was on the OFAC list.

17. On March 24, 2005, the Plaintiff, through undersigned counsel, filed a request for a license to hire undersigned counsel to represent him in attempting to have his name removed from the OFAC list.

18. The representation license was granted two months later, on May 24, 2005. See, Exhibit A.

19. Following the issue of the "preliminary" license, the Plaintiff, through counsel, re-submitted his petition and the attachments thereto to OFAC. In his petition, Plaintiff reasserted that he never was involved in or participated with any individuals associated with drug trafficking and that his position as a member of the board of directors employ at Intercontinental was a result of his vast knowledge and experience in aviation.

20. During the months of June, July and August of 2005, the Plaintiff, through counsel, made dozens of telephone calls, and sent several faxes to OFAC in an effort to find out the status of the petition. No clear or straight answer was ever given.

21. On August 26, 2005, OFAC sent its initial standard letter to the Plaintiff's counsel requiring a tremendous amount of information of the Plaintiff, most, if not all of which was *identical* to the documents contained in the package already sent to OFAC on two different occasions.

22. Nevertheless, on September 20, 2005, the Plaintiff prepared yet another thorough response in Spanish (and had it translated into English), and it was again submitted to OFAC. Verification that this package was received by OFAC was made on October 17, 2005. This was now Plaintiffs' *third* submission to OFAC.

23. Not having received any response from OFAC after confirmation that the Plaintiff's third package had been received, undersigned counsel, once again attempted to call OFAC to obtain a

status. After numerous calls, undersigned counsel was advised that the package now had to be resubmitted and sent directly to Robert Warner, the Director of OFAC.

24. Accordingly, on November 7, 2005, the package was resubmitted (now for the fourth time) to Mr. Robert Warner of OFAC.

25. Despite these four mailings, in November 2005, as its response to the Plaintiff's request, OFAC sent a duplicate request for the same documents it had requested of the Plaintiff the first time (i.e. OFAC's initial standard letter relating to a petition for name removal).

26. OFAC was consequently notified that this request was a duplicate of the prior one which response had already been sent to OFAC with substantial supporting documentation, not once, but now, four (4) times.

27. After that, and on February 13, 2006, OFAC sent a second questionnaire to the Plaintiff, now with nine specific questions, all of which were promptly answered and transmitted back to OFAC on March 20, 2006.

28. All told, it is now more than a year and a half after the initial petition was made and OFAC fails and refuses to remove the Plaintiff from the OFAC list *or* provide a reason why it will not do so.

29. This conduct has had a significant impact on the Plaintiff. For example, and already stated, once a person is on an OFAC list, there is transmission of this information to the country of origin of the person, which, in this case, resulted in every bank in which the Plaintiff was an account holder in Colombia, closing out his accounts and to refusing to do any banking business with the Plaintiff. Not only were Plaintiff's Visa, MasterCard and Diner's Club card/accounts cancelled, but his Merryl Lynch and Wachovia Bank accounts as well, accounts that did not have any activity in the last ten years.

30. Additionally, the action prevents the Plaintiff from being able to renew his visa to the United States.

31. The application of the OFAC rules is, as stated, unilateral, arbitrary and capricious. OFAC fails and refuses to promptly and fairly review requests by a person presumed innocent to be removed from the OFAC list. This violates due process law and the Administrative Procedures Act.

32. Prior to filing this lawsuit, on or about February 21, 2006, the Plaintiff completed, submitted and served a Form 95 prescribed by the Department of Justice, pursuant to Title 2.8. C.F.R. §13.2 consisting of a notice of intent to sue OFAC under the Federal Tort Claims Act.

## COUNT I - DECLARATORY JUDGMENT

Plaintiff re-alleges paragraphs 1 – 32 and further states:

33. Pursuant to 28 U.S.C. §§2201-02 and the aforementioned facts, the defendant seeks a declaratory judgment.

34. The declaratory judgment statutes both state that, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought" and that, "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment". 28 U.S.C. §§2201-02.

35. Plaintiff moves this Court to enter a declaratory judgment against OFAC because by placing persons such as the Plaintiff on the list and not having an appeal or review process is an unjust and illegal action on behalf of OFAC. This is a depravation of rights without any due process of law and in violation of the Administrative Procedures Act.

36. Specifically, Plaintiff seeks to have the Court: a) Declare the OFAC list unconstitutional, unlawful, unenforceable and a nullity; b) declare that the plaintiff's inclusion on the OFAC list is unconstitutional, unlawful, unenforceable and a nullity.

WHERFORE, Plaintiff demands declaratory judgment against the United States of America as stated herein.

## COUNT II – DECLARATION THAT PLAINTIFF'S NAME BE REMOVED FROM THE OFAC LIST

Plaintiff re-alleges paragraphs 1 – 36 and further states:

37. OFAC does not have any review or appeal process, either internal or external, for persons placed on its list. This lack of a review process is unfair; it violates the Due Process Clause of the Federal Constitution and is contradictory to the laws of the United States of America.

38. Without a meaningful and expedited appeal or review process, innocent individuals are being negatively affected by being on the list, especially because they do not have a way to remove themselves from it.

39. Placing the Plaintiff on the OFAC list has caused him financial, mental, and emotional harm. The Plaintiff has lost his rights to enter the United States and to conduct his business as he had done for so long. The Plaintiff has suffered a depravation of his rights without due process of law. Furthermore, the Plaintiff has been labeled a drug trafficker by being placed on the list harming him in innumerable ways.

40. The Plaintiff has not committed any acts for which he should be on OFAC's list and thus, should be removed from the list.

WHERFORE, Plaintiff demands declaratory judgment against the United States of America for his damages, plus cost, interest and any other remedy deemed just and proper.

## COUNT III – ANCILLARY STATE CLAIM FOR THE INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

Plaintiff re-alleges paragraphs 1 – 40 and further states:

41. By placing the Plaintiff on the OFAC list, OFAC has intentionally interfered with the Plaintiff's advantageous business relationships.

42. The Plaintiff traveled into the United States for business and had bank accounts in the United States. OFAC was, or should have been aware of, the Plaintiff's business transactions. The Plaintiff was placed on the list, his bank accounts and credit cards were closed and his place of employment became subject to investigation.

43. The Plaintiff sent OFAC several letters and packages inquiring about his placement on the list, and OFAC never stated that there was an error nor took him off of the list. The Plaintiff not only got his bank and credit card accounts closed, but has also been ostracized by his colleagues.

44. OFAC places individuals on the list if they believe they are drug traffickers or terrorists. The Plaintiff is neither a terrorist nor a drug trafficker. OFAC has not proven the Plaintiff to be a criminal; they simply placed him on the list. By placing the Plaintiff on the list he is not allowed to re-enter the United States, his bank accounts in the United States and Colombia have been closed, the Plaintiff's credit cards have been cancelled, and the Plaintiff had to resign from the corporation where he worked because they were placed under investigation once the Plaintiff was placed on the OFAC list.

45. By placing the Plaintiff on the OFAC list, OFAC has intentionally interfered with the Plaintiff's advantageous business relationships and Mr. Valdevieso has been damaged.

WHERFORE, Plaintiff demands judgment against the United States of America for his damages, plus cost, interest and any other remedy deemed just and proper.

## COUNT IV – ANCILLARY STATE CLAIM FOR CASTING THE PLAINTIFF IN A FALSE LIGHT

Plaintiff re-alleges paragraphs 1 – 45 and further states:

46. By placing the Plaintiff on the OFAC list, OFAC has cast a false light on the Plaintiff's character in the public eye.

47. Placing the Plaintiff's name on the OFAC list and designating him as a drug trafficker gives the impression that he is a drug trafficker. The Plaintiff is not a drug trafficker.

48. Placing the Plaintiff on the list is both false and highly offensive to the Plaintiff.

49. OFAC has made a false allegation against the Plaintiff by publishing his name of the OFAC list. In truth and in fact the Plaintiff has never engaged in any drug trafficking activities and the defendant's implication of this crime places the Plaintiff in a false light in the eyes of any person in the public.

50. The Plaintiff has suffered embarrassment and been ostracized by his former colleagues. The Plaintiff has been forced to incur legal expenses to defend his name. This accusation has had a significant impact on the Plaintiff's social activities and enjoyment of life in general and has obstructed the Plaintiff's advantageous business relationships.

51. As a direct cause of OFAC's conduct, the Plaintiff has been damaged.

52. OFAC's actions have caused permanent damage to the Plaintiff's reputation, to his self esteem, to his pride and good name. This will continue to cause him further mental pain and suffering.

WHERFORE, Plaintiff demands judgment against the United States of America for his damages, plus cost, interest and any other remedy deemed just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Jury Trial on Counts III and IV of the Complaint.

DATED this 12th day of September, 2006.

Respectfully submitted,

Richard J. Diaz
F.B.N. 0767697
3127 Ponce de León Blvd.
Coral Gables, FL 33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
E-mail: rick@rjdpa.com

10

06-2047
RCL

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

ALFONSO R. VALDIVIESO

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

USA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

CASE NUMBER  1:06CV02047
JUDGE: Royce C. Lamberth
DECK TYPE: Civil Rights (non-employm
DATE STAMP: ▮▮/▮▮/2006
11 30

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— O —

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ⊙ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>⊙ 440 Other Civil Rights<br>⊙ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ⊙ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

USDCSDF

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $   Check YES only if demanded in complaint JURY DEMAND: ☐ YES ⊙ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☐ NO If yes, please complete related case form.

DATE 11.30.06   SIGNATURE OF ATTORNEY OF RECORD  NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd